**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Steven R. Raynes
**Claimant Below, Petitioner**

**vs.)     No. 22-0073     (BOR Appeal No. 2057420)**
                              (JCN: 2019016898)

**Kingston Mining, Inc., C/O ANR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven R. Raynes appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kingston Mining, Inc., C/O ANR, filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award for occupational pneumoconiosis on September 18, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 27, 2021, Order. The Order was affirmed by the Board of Review on January 6, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Raynes, a coal miner, was seen by Amy Dowdy, D.O., on August 5, 2011, for a follow-up appointment. It was noted that Mr. Raynes had smoked a pack and a half of cigarettes a day since 1989 and was also exposed to second-hand smoke. Dr. Dowdy found no rales or wheezing on examination, and Mr. Raynes denied dyspnea. Mr. Raynes completed an employees' report of occupational injury on November 14, 2018, alleging that he was exposed to the hazards of occupational pneumoconiosis from May of 2001 through June of 2002 and from June of 2005 to the present.

A November 15, 2018, spirometry report from New River Health showed an acceptable and reproducible study with mild obstructions pre-bronchodilator and normal spirometry post-bronchodilator. It was noted that Mr. Raynes was a non-smoker.[2] A chest x-ray taken that day was negative for pneumoconiosis. A chest radiograph classification was performed on December 4, 2018, and showed no parenchymal or pleural abnormalities.

---

[1]Petitioner, Steven R. Raynes, is represented by Reginald D. Henry, and respondent, Kingston Mining, Inc., C/O ANR, is represented by Sean Harter.

[2]Though this treatment note indicates Mr. Raynes was a non-smoker, the remainder of the evidence of record indicates he smoked cigarettes from 1989 until at least 2020.

On January 23, 2019, Richard Meadows, D.O., evaluated Mr. Raynes and diagnosed chronic obstructive lung disease. He noted that Mr. Raynes smoked a pack of cigarettes a day. Physical examination showed normal breathing sounds, and Mr. Raynes denied cough or dyspnea. The physician's report of occupational pneumoconiosis was completed on January 24, 2019, by A. Mirza, M.D., who diagnosed dyspnea. Dr. Mirza opined that it was probable that Mr. Raynes had contracted occupational pneumoconiosis, but it was unknown if his capacity for work was impaired. On April 3, 2019, the claim was held compensable for occupational pneumoconiosis.

The Occupational Pneumoconiosis Board ("OP Board") reviewed Mr. Raynes's records, and on August 1, 2019, it determined that a diagnosis of occupational pneumoconiosis could not be made. It found that Mr. Raynes was exposed to hazardous dust for eighteen-and-one-half years. Mr. Raynes reported shortness of breath, coughing, and wheezing for ten years. It was noted that Mr. Raynes was diagnosed with chronic obstructive pulmonary disease in 2013. On examination, Mr. Raynes had harsh breath sounds bilaterally but no rales or wheezing. X-rays showed no evidence of occupational pneumoconiosis. The claims administrator granted no permanent partial disability award on September 18, 2019. It stated that the OP Board did not make a diagnosis of occupational pneumoconiosis.

On December 3, 2019, Mr. Raynes underwent a pulmonary function study at the Occupational Lung Center. It was noted that Mr. Raynes had smoked one half of a pack of cigarettes each day for twenty-six years. Pre-bronchodilator studies showed an FVC of 112% of predicted, FEV1 of 98% of predicted, and FEV1/FVC of 69%. Post-bronchodilator studies showed an FVC of 112% of predicted, an FEV1 of 107% of predicted, and an FEV1/FVC of 76%. Carboxyhemoglobin was 4.4. Mr. Raynes had a spirometry/single breath diffusion study on May 18, 2020, at Pulmonary Associates. It was noted that he had smoked one-and-one-half packs of cigarettes each day for thirty-years. Pre-bronchodilator studies showed an FVC of 100% of predicted, FEV1 of 87% of predicted, and FEV1/FVC of 86%. Post-bronchodilator studies showed an FVC of 102% of predicted, an FEV1 of 96% of predicted, and an FEV1/FVC of 93%.

Mr. Raynes had a chest CT scan on August 26, 2020, which showed noncalcified, bilateral pulmonary nodules. Tamejiro Takubo, D.O., treated Mr. Raynes that same day for shortness of breath, a productive cough, and wheezing. It was noted that Mr. Raynes had smoked a pack of cigarettes a day for twenty-seven years. Dr. Takubo diagnosed chronic obstructive pulmonary disease, multiple lung nodules, obesity, shortness of breath, and abnormal PFT.

In an initial hearing on November 18, 2020, members of the Occupational Pneumoconiosis Board ("OP Board") testified. John Willis, M.D., stated that Mr. Raynes's chest x-ray was of a good quality and showed no evidence of occupational pneumoconiosis. Jack Kinder, M.D., testified that the best pulmonary function studies of record were those performed on November 15, 2018, at New River Health, which showed 10% impairment. However, Dr. Kinder opined that there was no evidence that the impairment was the result of occupational pneumoconiosis. He stated that Mr. Raynes's report of wheezing for ten years and diagnosis of chronic obstructive pulmonary disease in 2013 were consistent with a diagnosis of bronchospastic disease, which would be unrelated to dust exposure. Dr. Kinder opined that the overwhelming weight of the

2

evidence supports the conclusion that Mr. Raynes's impairment was likely the result of a bronchospastic disease related to his history of cigarette smoking. Bradley Henry, M.D., also of the OP Board, concurred with the testimony of Drs. Willis and Kinder.

In a final hearing, Dr. Willis testified on behalf of the OP Board that he had reviewed the August 26, 2020, CT scan and found no evidence of occupational pneumoconiosis. He reiterated that there was also no evidence of occupational pneumoconiosis on x-rays. Dr. Kinder testified that he reviewed the May 18, 2020, diffusion study performed and opined that the results were within normal limits. He stated that it was still his opinion that Mr. Raynes had no pulmonary impairment attributable to occupational pneumoconiosis.

In its September 27, 2021, order, the Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award for occupational pneumoconiosis. It found that the imaging studies and medical records support the OP Board's finding of no impairment related to occupational pneumoconiosis. The Office of Judges found that Mr. Raynes submitted no reliable evidence to show that the OP Board's findings were clearly wrong. The Board of Review affirmed the Office of Judges' order on January 6, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." The OP Board reviewed Mr. Raynes's imaging studies and medical records and concluded that Mr. Raynes had no impairment resulting from occupational pneumoconiosis. The Office of Judges, and by extension the Board of Review, committed no error in finding the Occupational Pneumoconiosis Board's opinion to be the most persuasive of record.

Affirmed.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn